**WJ GLOBAL LLC f/k/a Winston Joseph LLC and Looking Glass Software LLC, Plaintiffs,**

**v.**

**Joseph Stephan FARRELL and Joseph Farrell, Defendants.**

**No. 5:12–CV–745–BO.**

United States District Court, E.D. North Carolina, Western Division.

April 17, 2013.

Charles George, Robert Anthony Young, Wyrick Robbins Yates & Ponton, LLP, Raleigh, NC, for Plaintiffs.

Christopher T. Graebe, Mark R. Sigmon, Graebe Hanna & Sullivan, PLLC, Raleigh, NC, John Anthony Zaloom, Moore & Van Allen, PLLC, Research Triangle Park, NC, for Defendants.

## ORDER

TERRENCE W. BOYLE, District Judge.

This cause comes before the Court on plaintiff's motion to remand and defendant Joseph Stephan Farrell's motion to dismiss. For the reasons discussed below, both motions are granted in part and denied in part.

## BACKGROUND

This action was originally filed in Wake County Superior Court and was removed by defendant Joseph Stephan Farrell (J.S. Farrell) to this Court on November 15, 2012. WJ Global is an information technology company formerly owned by Winston W. Eaton (Eaton) and Joseph Farrell (J. Farrell), the father of J.S. Farrell. Eaton and J. Farrell each owned a 50% share of WJ Global; J.S. Farrell was an officer of WJ Global. LookingGlass is a project management tool provided by WJ Global that was developed under the direction of J.S. Farrell while he was an officer of WJ Global. WJ Global transferred ownership of the LookingGlass software to Looking Glass Software, LLC, another entity owned in its entirety by Eaton and J. Farrell. Prior to December 31, 2011, ownership of LookingGlass software was transferred back to WJ Global, which remained owned in its entirety by Eaton and J. Farrell. Effective December 31, 2011, J. Farrell transferred his ownership interest in WJ Global and Looking Glass Software to Eaton, and at that time or shortly thereafter J.S. Farrell was relieved by Eaton of his duties as an officer.

Plaintiffs contend that J.S. Farrell thereafter inappropriately deleted company emails and made copies of the LookingGlass software and other intellectual property owned by plaintiffs. Plaintiffs thereafter filed this lawsuit alleging claims of breach of fiduciary duty, violations of the North Carolina Unfair and Deceptive Trade Practices Act, computer trespass, and conversion against J.S. Farrell. Plaintiffs also seek a permanent injunction enjoining J.S. Farrell from disclosing or using LookingGlass software or other in-

tellectual property owned by plaintiffs, as well as a declaratory judgment regarding ownership of LookingGlass software and other WJ Global intellectual property.[1] The complaint states that J. Farrell is named as a defendant in this action although no specific relief is sought against him at this time; he is a named defendant upon information and belief that he cannot willingly be brought into this action as a plaintiff but has an interest in the controversy for which a declaratory judgment is sought.

J.S. Farrell has moved to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). Plaintiffs have moved to remand this matter back to Wake County Superior Court, contending that removal was improper and that their claims have not been preempted by the Copyright Act. 17 U.S.C. §§ 101 *et seq.*

### DISCUSSION

### Subject Matter Jurisdiction

The Court addresses first plaintiffs' motion to remand to determine whether it has subject matter jurisdiction to consider this matter. *See In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir.1959). J.S. Farrell removed this action, absent consent of the remaining defendant J. Farrell,[2] contending that this Court has original jurisdiction over it as the claims at issue arise under the Copyright Act. Removal of a civil action from state court is proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in

the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, whether the district courts have federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under the artful pleading doctrine, however, a court may uphold removal even where no federal question appears on the face of the plaintiff's complaint if it determines that the plaintiff has artfully pled so as to avoid pleading necessary federal questions or where federal law has completely preempted plaintiff's state law claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

Here, plaintiffs have pleaded only state law claims in their complaint, and thus the well-pleaded complaint rule would provide that this Court lacks jurisdiction to consider plaintiffs' claims. *See e.g. Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 969 (4th Cir.1990) (action arises under copyright laws where plaintiff both

---

**1.** Plaintiffs assert that the heading for this portion of the complaint is incorrect but that it is clear that they mean to state a claim for declaratory judgment.

**2.** Unanimous consent of defendants is not required for removal of actions over which the federal court has exclusive jurisdiction. *See e.g. CCW Mgmt., LLC v. Global Holdings Grp., LLC*, No. 4–10–CV–3218, 2011 WL 3678647 *3 (D.S.C. July 21, 2011) (listing cases).

*specifically alleges* copyright infringement and seeks remedies expressly granted by the Copyright Act). However, because the Copyright Act has completely preempted some of plaintiffs' state law claims, the artful pleading doctrine provides that removal to this Court was in fact proper.

■ The Copyright Act provides that the copyright owner shall have the exclusive right to (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; (4) perform the work publically; and (5) display the work publically. 17 U.S.C. § 106; *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2nd Cir. 1992). A copyright owner is equipped with a "potent arsenal of remedies against an infringer of his work," including injunctions, recovery of actual or statutory damages, and attorneys' fees. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433–34, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). Civil actions that arise under the Copyright Act are within the exclusive jurisdiction of the federal courts. 28 U.S.C. § 1338.

■ Causes of action preempted by the Copyright Act are regarded as arising under federal law. *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993). The Copyright Act completely preempts a state law claim where "(1) the claim falls within the subject matter of copyright and (2) the claim protects rights that are equivalent to any of the exclusive rights of a federal copyright." *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 309 (4th Cir.2012) (internal quotation and citation omitted). State law claims are preempted only when both of these inquiries have been satisfied, and the second prong is not satisfied where the state cause of action requires an "extra element that transforms the nature of the action." *Id.* (citation omitted); *see also Rosciszewski*, 1 F.3d at 229–30.

■ J.S. Farrell contends that plaintiffs' claims for conversion, constructive trust, and permanent injunction are completely preempted. As they each relate in some way to the LookingGlass software and related intellectual property, the first prong of the complete preemption analysis has been satisfied as to these claims. *See Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir.1993) (computer program clearly within the subject matter of copyright); *U.S. ex rel. Berge v. Bd. of Tr. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir.1997) ("the shadow actually cast by the [Copyright] Act's preemption is notably broader than the wing of its protection."). Accordingly, the Court considers whether the second prong of the complete preemption analysis has been satisfied.

### Conversion

■■ Under North Carolina law, conversion is defined as the "unauthorized assumption and exercise of right of ownership over goods or personal property belonging to another to the alteration of their condition or to the exclusion of the owner's rights." *Marina Food Assocs., Inc. v. Marina Restaurant, Inc.*, 100 N.C.App. 82, 93, 394 S.E.2d 824 (1990). A conversion claim will be preempted by the Copyright Act if the plaintiff has alleged only the unlawful retention of intellectual property rights and not the unlawful retention of a tangible object embodying the work. *Berge*, 104 F.3d at 1463; *see also Coll. of Charleston Found. v. Ham*, 585 F.Supp.2d 737, 748 (D.S.C.2008) ("[a] conversion cause of action only passes the extra element test where there was actually physical property converted").

■ Plaintiffs' conversion claim alleges that J.S. Farrell copied the LookingGlass

source code, screen prints, notes, blueprints, or other documents or data related to the software and designs for the next generation of LookingGlass suite of operating code, as well as other intellectual property owned by plaintiffs. Although plaintiffs contend that their complaint can arguably be read to allege that both tangible and intangible property were converted, plaintiffs concede that "all property subject to the conversion claim may have been in an electronic format when converted." [DE 21 at 10]. While plaintiffs' allegations do not specifically state that only intangible (or tangible) property was converted, the allegations in the complaint do specifically refer to information copied from plaintiffs' server—in other words, information in electronic, intangible form.[3] This is inherently different from, for example, a case in which plaintiffs have specifically alleged that intellectual property in tangible form was converted. *See e.g. Carson v. Dynegy, Inc.*, 344 F.3d 446, 457 (5th Cir.2003). Thus, the Court finds that plaintiffs' conversion claim relates only to intangible property and is therefore completely preempted by the Copyright Act.

### Constructive Trust

■ Though plaintiff's complaint denominates a claim for constructive trust, a claim for constructive trust is properly denominated as a remedy for a claim of unjust enrichment. *See Embree Const. Grp., Inc. v. Rafcor, Inc.*, 330 N.C. 487, 496, 411 S.E.2d 916 (1992) (a person who has been unjustly enriched is entitled to a remedy, including enforcement of a constructive trust). Under North Carolina law, a plaintiff demonstrates unjust enrichment by showing that "it conferred a benefit on another party, that the other party

consciously accepted the benefit, and that the benefit was not conferred gratuitously or by an interference in the affairs of the other party." *Se. Shelter Corp. v. BTU, Inc.*, 154 N.C.App. 321, 330, 572 S.E.2d 200 (2002).

■ Where the only property at issue is subject to copyright, a claim for unjust enrichment under North Carolina law is preempted by the Copyright Act. *Pan–Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F.Supp.2d 664, 695 (M.D.N.C.2011). A claim for unjust enrichment may not be preempted, however, if the plaintiff can show that "material beyond copyright protection" formed the basis of the unjust enrichment. *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F.Supp.2d 533, 537 (E.D.Va.2005).

■ As plaintiffs' claim for unjust enrichment stems only from the claim that J.S. Farrell improperly acquired copies of LookingGlass software as well as other intellectual property, and plaintiffs seek to impose a constructive trust on any monies received by J.S. Farrell in the future use, sale, license, gift, transfer, or demonstration of LookingGlass software, such claim is preempted by the Copyright Act. Plaintiffs have not alleged that any material outside the bounds of copyright protection forms the basis for their request for a constructive trust, and indeed the gist of plaintiffs' constructive trust claim is that J.S. Farrell violated plaintiffs' exclusive right to reproduce, distribute, and display LookingGlass software. *Costar Grp. Inc. v. Loopnet, Inc.*, 164 F.Supp.2d 688, 714 (D.Md.2001).

---

**3.** *See* John A. Rothchild, *The Incredible Shrinking First–Sale Rule: Are Software Resale Limits Lawful?*, 57 Rutgers L. Rev. 1, 31 n. 93 (2004) ("An information good may be embodied in a material object, such as a book, CD–ROM, or DVD, or may consist of access to intangible information, such as electronic text".

■■■■■■■■

*Permanent Injunction*

■ Plaintiffs seek a permanent injunction in this matter, and ask the Court to order J.S. Farrell to return copies of LookingGlass software and to not disseminate the copies that he possesses. Plaintiffs do not contest that a request for permanent injunction is not a "stand alone" claim, and agree that if the other claims they have asserted are preempted by the Copyright Act, this "claim" would also be barred [DE 21 at 11]. The Court concurs, and finds that any "claim" for a permanent injunction related to J.S. Farrell's possession or dissemination of LookingGlass software is completely preempted as a remedy provided for by the Copyright Act. 17 U.S.C. § 502.

### Dismissal of Preempted Claims & Remand of Remaining Claims

■ Once a court determines that a state law claim has been completely preempted by the Copyright Act and therefore that it has jurisdiction to consider it, the court must then dismiss the preempted claim for failing to state a claim. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 309 (2nd Cir. 2004). Accordingly, plaintiffs' claims for conversion, constructive trust, and related claim for permanent injunction are DISMISSED. Fed.R.Civ.P. 12(b)(6).

As the remaining state law claims are not completely preempted, they do not arise under the Copyright Act and thus do not have an independent basis for jurisdiction in this Court. Though it may have jurisdiction to consider the remaining state law claims under 28 U.S.C. §§ 1367 and 1441(c), the Court finds "no good reason to do so." *Waybright v. Frederick Co., Md.*, 528 F.3d 199, 209 (4th Cir.2008); *see also* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdic-tion over state law claim if it has dismissed all claims over which it has original jurisdiction); 28 U.S.C. § 1441(c) (district court shall remand all claims not within original or supplemental jurisdiction). Accordingly, plaintiffs' remaining state law claims are REMANDED to Wake County Superior Court.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand [DE 16] and defendant Joseph Stephan Farrell's motion to dismiss [DE 13] are each GRANTED IN PART and DENIED IN PART.

The Court, having jurisdiction to consider them, DISMISSES plaintiffs' conversion, constructive trust, and permanent injunction claims. Plaintiffs' remaining state law claims are REMANDED to Wake County Superior Court, and the clerk is DIRECTED to close this case.