**HUMANA, INC., Plaintiff,**

v.

**AMERITOX, LLC, Defendant.**

1:16–cv–01006

United States District Court, M.D. North Carolina.

Signed July 28, 2017

Jeffrey S. Southerland, Greensboro, NC, for Plaintiff.

Dmitry Shifrin, Polsinelli PC, Chicago, IL, Alex J. Bartko, Richard R. Burris, III, Polsinelli PC, Atlanta, GA, Colleen Mary Crowley, Raleigh, NC, for Defendant.

## MEMORANDUM ORDER

Thomas D. Schroeder, District Judge

In this action to recover for alleged overbilling for medical procedures, Defendant Ameritox, LLC moves to dismiss all claims. (Doc. 8.) The motion has been fully briefed and is ready for decision. For the reasons set forth below, the motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Humana, Inc., filed suit against Ameritox on July 28, 2016, alleging a scheme to defraud Humana and the health and welfare benefit plans that it administers as a fiduciary under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Humana alleges that it had a contractual relationship with Ameritox up to August 31, 2014,[1] and that thereafter—the time period serving as the basis for Humana's claims in this case—the parties' relationship has been non-contractual. According to Humana, even before August 31, 2014, and up to the present, Ameritox knowingly submitted claims for urine drug testing that were medically unnecessary, duplicative, not covered by Humana's policies, and/or in violation of Humana's reimbursement policies and guidelines. (Doc. 1 ¶ 1.) Humana contends that it paid millions of dollars in fraudulently-submitted reimbursements and now seeks damages, a declaratory judgment that it owes nothing on such claims that remain pending, and an injunction against further allegedly-improper applications. The complaint alleges the following claims: equitable relief under ERISA (count 1); common law fraud (count 2); violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75–1.1 (count 3); unjust enrichment (count 4); negligent misrepresentation (count 5); and a request for declaratory and injunctive relief (count 6).

Ameritox advances several arguments in support of its motion to dismiss: (a) Humana lacks standing; (b) ERISA preempts Humana's State-law claims, which should be dismissed pursuant to Rule 12(b)(6); (c) Humana's State-law claims are time-barred and should be dismissed pursuant to Federal Rule of Civil 12(b)(6); (d) Humana fails to plead its fraud-based State-law claims with sufficient particularity, in violation of Federal Rule of Civil Procedure 9(b); (e) Humana's fraud-based claims should be dismissed pursuant to Rule 12(b)(6) for failure to allege reason-

able reliance; (f) Humana's claim for unjust enrichment should be dismissed, as Humana paid Ameritox for services rendered; and (g) Humana's request for declaratory and injunctive relief should be denied because its underlying claims fail. Each contention will be addressed below.

## II. ANALYSIS

### A. Standing

Ameritox first contends that Humana lacks standing to bring its lawsuit. The principal contention is that Humana has not alleged sufficient facts to establish that it is a fiduciary or insurer. In support, Ameritox notes that Humana has not attached to its complaint any ERISA plan, or any agreement between itself and an ERISA plan, that places Humana in the position of a fiduciary. (Doc. 9 at 6.) Ameritox also argues that Humana lacks Article III standing because there are no particularized injuries to any plan member alleged—no factual allegations as to which invoices were excessive and no description of how any plan member may have been injured. (Id. at 7.) Humana contends that its allegations are sufficient under Rule 8 and that there is no requirement that it attach supporting documentation.

 To satisfy Article III's case-or-controversy requirement, a plaintiff must establish that its claim meets the three requirements of Article III standing:

(1) an injury-in-fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's in-

---

1. Humana alleges it was bound by an arbitration provision during the contractual relationship and thus seeks only damages for conduct since September 1, 2014.

jury will be remedied by the relief plaintiff seeks in bringing suit).

Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017) (quoting David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013)). As to the first element, which Ameritox challenges here, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 270–71 (quoting Spokeo, Inc. v. Robins, —— U.S. ——, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016)) (internal quotation marks omitted). For a threatened (as opposed to actual) injury to satisfy standing requirements, the injury must be "concrete in both a qualitative and temporal sense." Id. at 271 (quoting Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). The injury must be "distinct and palpable, as opposed to merely abstract." Id. (quoting Whitmore, 495 U.S. at 155, 110 S.Ct. 1717).

■ Humana has alleged that it operates as a fiduciary for each ERISA plan because it is either a claims administrator and/or insurer for them. (Doc. 1 ¶ 13.) Moreover, Humana contends that it is the target of Ameritox's continuing fraudulent scheme to bill it for millions of dollars of medically unnecessary, duplicative tests that were not ordered by a provider and/or were unsupported by proper documentation. (E.g., id. ¶ 21.) That the complaint fails to allege every underlying fraudulent submission in an allegedly extensive, years-long scheme does not deprive the court of jurisdiction; indeed, such a requirement would make the complaint hopelessly prolix. The current allegations, read in the context of the rest of the complaint, establish a sufficiently concrete and particularized injury to Humana's interests and that of its plan members to establish standing at this stage. See Conn. Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP, 128 F.Supp.3d 501, 509 (D. Conn. 2015) (insurance company's plans allowed it to interpret and authorize payment of claims and administration of benefits, which were sufficient at the pleading stage for it to have standing to bring suit under ERISA (citing Gerosa v. Savasta & Co., 329 F.3d 317, 320 (2d Cir. 2003))).

Moreover, Ameritox does not contest that a plan fiduciary has standing to pursue an ERISA claim. See 29 U.S.C. § 1132(a)(3) (authorizing plan fiduciaries to sue under ERISA); Nutrishare, Inc. v. Conn. Gen. Life Ins. Co., No. 2:13-cv-02378-JAM-AC, 2014 WL 1028351, at *3 (E.D. Cal. Mar. 14, 2014) (finding standing under ERISA for claims administrator). Thus, its claim is reduced to the contention that Humana should have attached supporting documentation to its complaint to establish its standing. However, Ameritox points to no such standard, and the court is aware of none.

■ Ameritox's contention that this court lacks subject matter jurisdiction fails for similar reasons. The burden is on the plaintiff to establish the court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A complaint may be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1) if it "fails to allege facts upon which subject matter jurisdiction can be based." Id. Where the motion is based on the complaint's defective allegations, the allegations are assumed to be true and the plaintiff is afforded the same procedural protections as those that apply to a Rule 12(b)(6) motion. Id. Here, Humana's complaint alleges monetary damages to ERISA plans for which it serves as a fiduciary or insurer under ERISA. Taking these allegations as true—which the court must at this stage—suffices to establish subject matter jurisdiction. Kerns v. Unit-

ed States, 585 F.3d 187, 193 (4th Cir. 2009).

Ameritox's motion to dismiss on this ground will therefore be denied.

## B. Preemption

■ Ameritox argues that Humana's State-law claims (counts 2 through 6) should be dismissed as preempted by ERISA. Humana responds that its complaint "plainly indicates that Ameritox has fraudulently submitted claims to <u>both</u> ERISA plans administered by Humana and other commercial and Medicare plans offered by Humana," and that the State-law claims therefore apply only to those Humana plans that are "non-ERISA plans." (Doc. 11 at 8 (emphasis in original).) Otherwise, Humana appears to concede that as to the ERISA-based plans, the State-law claims are preempted. (<u>Id.</u> at 7–8 ("Humana's state-law claims arise from claims submitted by Ameritox to Humana's non-ERISA plans, could not have been brought under ERISA, do not relate to an ERISA plan, and therefore are not preempted.").)

■ ERISA preempts State-law claims where one could have brought his claim under ERISA and where there is no other independent legal duty implicated by a defendant's actions. <u>Aetna Health v. Davila</u>, 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). Humana's complaint notes that its health plans include commercial plans that provide coverage to millions of members nationwide, with "certain" commercial plans falling under the protections ERISA. (Doc. 1 ¶ 12.) To this extent, Humana's complaint differentiates the plans covered by ERISA from plans that would be covered by State-law tort claims.

However, it is not clear which plans are ERISA-based and which are not. Therefore, Ameritox's motion will be granted to the extent ERISA preempts Humana's State-law claims for its ERISA-based plans, and otherwise denied as to Humana's non-ERISA-based plans. Because the complaint fails to identify any of Humana's plans, Humana shall have thirty (30) days to file an amended complaint identifying which plans are governed by ERISA and which are not, and to tailor its allegations in its State-law claims accordingly, so that Ameritox has notice of which plans are subject to the State-law claims. Should Humana fail to comply with this directive, the court will entertain a renewed motion to dismiss the State-law claims.

## C. Statute of Limitations

Ameritox contends that counts 1 (ERISA), 3 (fraud), 4 (negligent misrepresentation), and 5 (unjust enrichment) "may be time barred" by North Carolina's three-year statute of limitation. (Doc. 9 at 14.)

■ The statute of limitations is an affirmative defense that must be proven by a defendant by a preponderance of the evidence. Fed. R. Civ. P. 8(c)(1); <u>Stack v. Abbott Labs., Inc.</u>, 979 F.Supp.2d 658, 664 (M.D.N.C. 2013). Therefore, this court can reach the merits of the issue at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly appear[ ] on the face of the complaint.'" <u>Stack</u>, 979 F.Supp.2d at 664 (alteration in original) (quoting <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007)). Dismissal of a claim as time-barred at the motion to dismiss stage occurs in "relatively rare circumstances." <u>Goodman</u>, 494 F.3d at 464.

■ ERISA does not expressly provide a limitation period for bringing a private action other than for claims of breach of fiduciary duty. <u>Shofer v. Hack Co.</u>, 970 F.2d 1316, 1319 (4th Cir. 1992). Because Humana does not allege a breach of fiduciary duty, the court will look to the

statute of limitations for ordinary civil actions under North Carolina law, mindful that "a[n] ERISA cause of action does not accrue until a claim of benefits has been made and formally denied." Id.; Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir. 1989).

The statute of limitations for fraud is three years and runs "from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence." Hunter v. Guardian Life Ins. Co. of Am., 162 N.C.App. 477, 485, 593 S.E.2d 595, 601 (2004); Driggers v. Sofamor, S.N.C., 44 F.Supp.2d 760, 765 (M.D.N.C. 1998). The statute of limitations for negligent misrepresentation is also three years and "does not accrue until two events occur: first, the claimant suffers harm because of the misrepresentation, and second, the claimant discovers the misrepresentation." Trantham v. Michael L. Martin, Inc., 228 N.C.App. 118, 126, 745 S.E.2d 327, 334 (2013) (citation omitted). Likewise, the statute of limitations for unjust enrichment is three years. Martin Marietta Materials, Inc. v. Bondhu, LLC, 241 N.C.App. 81, 84, 772 S.E.2d 143, 146 (2015). This period, however, begins running when the wrong is complete, even if the injured party was unaware that the wrong had been committed. Housecalls Home Health Care, Inc. v. State, Dep't of Health & Human Servs., 200 N.C.App. 66, 70, 682 S.E.2d 741, 744 (2009); Mountain Land Properties, Inc. v. Lovell, 46 F.Supp.3d 609, 626 (W.D.N.C. 2014).

Here, Humana seeks damages from September 1, 2014, to the filing of its complaint on July 28, 2016. Ameritox argues that the complaint's allegation—that in 2013 and 2014 Humana contacted Ameritox numerous times requesting medical records to substantiate the claims but subsequently denied them—establishes suffi-

cient notice for accrual purposes. (Doc. 9 at 14.) However, the complaint only alleges that Humana attempted to investigate the alleged fraud in 2013 and 2014; the complaint further alleges that Humana's analysis of claims submitted in 2015 led it to conclude that they should be denied. (Doc. 1 ¶¶ 23–27.) It remains unclear, therefore, whether Humana knew or should have known of the alleged fraud at a time outside any statute of limitations period. And since Humana's complaint concerns conduct occurring after September 1, 2014, it is far from clear when reading the complaint that the claims for unjust enrichment are untimely.

Because the court cannot say that Humana's claims are time-barred as a matter of law, Ameritox's motion will be denied as premature. Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (affirmative defense must clearly appear on the face of the complaint; otherwise, it is "more properly reserved for consideration on a motion for summary judgment").

## D. Rule 9(b) Pleading with Particularity

Ameritox contends that the complaint fails to plead any of the basic requirements of a fraud claim—time, place, substance—with particularity. (Doc. 9 at 14–17.) Humana responds that it is wholly impractical to require such granular pleading here, given the extensive nature, scope, and timeframe of the scheme, and that Ameritox is well-apprised of the nature of the dispute, given the parties' lengthy prelitigation history. (Doc. 11 at 9–13.)

Federal Rule of Civil Procedure 9(b) requires a plaintiff making an allegation of fraud to "state with particularity the circumstances constituting fraud." This heightened pleading standard

requires the plaintiff to specifically allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999); see also Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 629 (4th Cir. 2008). The Fourth Circuit has cautioned, however, that the court should not lose sight of the four purposes of this heightened pleading standard: to give sufficient notice of the claim to permit a defendant to formulate a defense; to protect against frivolous suits; to eliminate suits where all the fraud facts are learned after discovery; and to protect defendants from harm to their goodwill and reputation. Harrison, 176 F.3d at 784. Consequently, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." Id.

Here, the complaint alleges the time period (September 1, 2014, to the present) and the nature of the claim (Ameritox's submissions for urine drug testing). (Doc. 1 ¶¶ 14–21.) The complaint also provides notice of who made the alleged misrepresentations (Ameritox) and the results obtained (reimbursement for each urine drug test totaling millions of dollars in overpayments). What Ameritox alleges is missing is detail, including "any content as to how Ameritox did any of the aforementioned acts, or how Ameritox induced or caused Humana any loss." (Doc. 9 at 16 (emphasis in original).) Ameritox points to the absence of a "single fact or ... document[ ] establishing a representation of any kind that underpins these alleged acts." (Id.) But to require support documentation of each allegedly improper submission in the scheme alleged would be impractical and unnecessary. Humana alleges a several-year scheme to seek reimbursement for millions of dollars in urine drug tests. Moreover, Humana has given Ameritox sufficient notice that it challenges only those Ameritox submissions that were duplicative, lacked a medical provider's direction, were medically unnecessary, and/or lacked the proper documentation. (Doc. 1 ¶¶ 19, 21.) These are sufficient allegations, given the nature of the alleged scheme and the alleged back-and-forth of the dispute leading to this lawsuit, to put Ameritox on notice of the claims against it. Any further delineation can be clarified in discovery.

Ameritox's motion to dismiss on this ground will therefore be denied.

### E. Rule 12(b)(6) & Reasonable Reliance

Ameritox contends that the complaint's fraud-based claims (counts 2, 3, and 5) fail to sufficiently allege reasonable reliance, an element common to each. (Doc. 9 at 17–20.) Humana responds that it has plainly alleged reasonable reliance and that any further challenge is a matter of proof. (Doc. 11 at 17.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint ... considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). However, legal conclusions in a complaint are not entitled

to the assumption of truth. Iqbal, 556 U.S. at 678–79, 129 S.Ct. 1937. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679, 129 S.Ct. 1937 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Humana's complaint meets these standards. Humana alleges that, from September 1, 2014, Humana paid Ameritox "millions of dollars" based on fraudulent or dishonest claims—claims that were unnecessary, duplicative, or unsupported by treating physicians' orders. Ameritox's argument is an off-shoot of its statute of limitations argument: namely, that while Humana "eventually discovered Ameritox's [allegedly] fraudulent and improper billing practices through its own internal investigations," it fails to allege that it was prevented from investigating and thus discovering the fraud earlier. (Doc. 9 at 18–19.) It is true, as Ameritox argues, that "[a] party's reliance is not reasonable if it did not conduct an independent investigation into the truth of the matter at hand." (Doc. 9 at 17 (citing Suntrust Mortg., Inc. v. Busby, 651 F.Supp.2d 472, 485 (W.D.N.C. 2009) ("[A] claim for either fraud or fraudulent concealment is not cognizable where the pleader fails to make an independent investigation.")).) But this is not a situation where an allegedly defrauded party had an opportunity to investigate representations for their patent truthfulness (e.g., whether a tract of land was represented not to be in a flood plain). Here, the allegations are that Humana's internal analysis of Ameritox's billing practices indicated that Ameritox's claims were duplicative, unnecessary, and founded upon medically-unsupported urine tests. According to the complaint, this analysis occurred after Humana had asked Ameritox for records to substantiate its claims, ultimately receiving "a low number of records" that were incomplete. (Doc. 1 ¶ 23.) As the complaint also notes, Ameritox had a duty to submit for reimbursement only those requests that were medically proper. (Id. ¶ 36.) Thus, Humana has sufficiently alleged reasonable reliance based on the purported obligations incumbent on Ameritox for proper submission of claims. Whether reliance was actually reasonable is a matter of proof and factual determination.

Ameritox's motion to dismiss on this ground will therefore be denied.

### F. Unjust Enrichment and Declaratory Relief Claims

Ameritox finally moves to dismiss Humana's unjust enrichment (count 4) and declaratory relief (count 6) claims. (Doc. 9 at 20.) Ameritox argues that there can be no unjust enrichment where Humana investigated and decided to pay the very claims that comprise its damages request, and the declaratory judgment claim fails "if [Humana's] other claims fail." (Id.) Humana argues that the claims are properly pleaded.

To sufficiently plead unjust enrichment, a plaintiff must show that it "conferred a benefit on another, the other party consciously accepted the benefit, and the benefit was not conferred gratuitously." Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 351 F.Supp.2d 436, 446 (M.D.N.C. 2005) (citing Se. Shelter Corp. v. BTU, Inc., 154 N.C.App. 321, 330, 572 S.E.2d 200, 206 (2002)). Humana's allegations as to the monies it paid to Ameritox in the absence of a contractual relationship render Humana's unjust enrichment claim plausible. Thus Ameritox's motion to dismiss on this basis will be denied.

Insofar as Ameritox's motion challenges Humana's request for declaratory relief on the grounds that it is predicated on the dismissal of all underlying claims, which the court has rejected, the motion lacks merit and will be denied. To the extent Ameritox raises any other critique not specifically addressed herein, the court has considered the full briefing and finds the motion to be unpersuasive.

## III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Ameritox's motion to dismiss (Doc. 8.) is GRANTED IN PART AND DENIED IN PART, as set forth herein. Humana shall file and serve an amended complaint within thirty (30) days that articulates which plans are covered by ERISA and which are not, as well as which State-law claims are alleged as to the non-ERISA plans, so that Ameritox has notice of which plans are subject to the complaint's State-law claims. Should Humana fail to do so, the court will entertain a renewed motion to dismiss the State-law claims.