**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2200**

FITZGERALD FRUIT FARMS, LLC,

   Plaintiff - Appellant,

    v.

WORTH HARRIS,

   Defendant - Appellee,

    and

ASEPTIA, INC.; WRIGHT FOODS, INC.,

   Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cv-00437-D)

Submitted: May 24, 2021          Decided: June 14, 2021

Before KING and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

George A. Koenig, KOENIG LAW GROUP, P.C., Atlanta, Georgia; Culley C. Carson, IV, CARSON LAW FIRM, PLLC, Raleigh, North Carolina, for Appellant. Jang H. Jo, Amelia L. Serrat, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN,

LLP, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fitzgerald Fruit Farms, LLC, appeals the district court's order dismissing its claims against Worth Harris under North Carolina law for (1) breach of contract; (2) open account; (3) fraud; (4) negligent misrepresentation; (5) quantum meruit and unjust enrichment; (6) unfair and deceptive trade practices; and (7) piercing the corporate veil. We affirm.

"We review de novo the grant of a motion to dismiss for failure to state a claim under [Fed. R. Civ. P.] 12(b)(6). In so doing, we must accept as true all of the factual allegations contained in the complaint." *Stewart v. Iancu*, 912 F.3d 693, 702 (4th Cir. 2019) (alteration and internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

First, to establish a breach of contract under North Carolina law, a plaintiff must establish the "(1) existence of a valid contract and (2) breach of the terms of the contract." *Wells Fargo Ins. Servs. USA, Inc. v. Link*, 827 S.E.2d 458, 472 (N.C. 2019) (brackets and internal quotation marks omitted). "An authorized agent who enters into a contract on behalf of a disclosed principal generally is not personally liable to third parties [for breach of contract] since the contract is with the principal." *Baker v. Rushing*, 409 S.E.2d 108, 112 (N.C. Ct. App. 1991). The district court did not err in holding that Fitzgerald Fruit Farms failed to plausibly allege that Harris was a party to the contract and accordingly properly dismissed Fitzgerald Fruit Farms' breach of contract claim.

3

Second, Fitzgerald Fruit Farms' open account claim fails for the same reason. "An open account results where the parties intend that the individual transactions are to be considered as a connected series rather than as independent of each other, a balance is kept by adjustments of debits and credits, and further dealings between the parties are contemplated." *Hudson v. Game World, Inc.*, 484 S.E.2d 435, 439 (N.C. Ct. App. 1997). The district court correctly determined that Fitzgerald Fruit Farms failed to plausibly allege an agreement or transaction with Harris in his individual capacity.

Third, under North Carolina law, a party alleging fraud must establish five elements: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Forbis v. Neal*, 649 S.E.2d 382, 387 (N.C. 2007) (internal quotation marks omitted). "[M]ere unfulfilled promises cannot be made the basis for an action of fraud. . . . Mere proof of nonperformance is not sufficient to establish the necessary fraudulent intent." *Hills Machinery Co., LLC v. Pea Creek Mine, LLC*, 828 S.E.2d 709, 717 (N.C. Ct. App. 2019) (internal citation and quotation marks omitted). A plaintiff alleging a fraud claim must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, "a plaintiff must plead the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019) (internal quotation marks omitted).

Fitzgerald Fruit Farms failed to provide any factual support for its allegation that, when Harris stated that Fitzgerald Fruit Farms would be paid with "my money," he was

4

being intentionally deceptive. Rather, the allegations in the complaint establish only an unfulfilled promise. As for the other allegedly fraudulent statements contained in the complaint, none pertains to Harris specifically or complies with Rule 9(b)'s particularity standard. Accordingly, the district court properly found that Fitzgerald Fruit Farms failed to sufficiently plead a fraud claim.

Fourth, "negligent misrepresentation occurs when (1) a party justifiably relies, (2) to [its] detriment, (3) on information prepared without reasonable care, (4) by one who owed the relying party a duty of care." *Simms v. Prudential Life Ins. Co. of Am.*, 537 S.E.2d 237, 240 (N.C. Ct. App. 2000) (brackets and internal quotation marks omitted). Fitzgerald Fruit Farms alleged no facts supporting a lack of reasonable care other than that the promise was ultimately unfulfilled. Moreover, Fitzgerald Fruit Farms failed to allege, even in a conclusory fashion, that Harris owed it a duty of care. Accordingly, the district court properly dismissed Fitzgerald Fruit Farms' negligent misrepresentation claim for failure to state a claim.

Fifth, "[i]n order to recover on a claim of unjust enrichment, a party must prove that it conferred a benefit on another party, that the other party consciously accepted the benefit, and that the benefit was not conferred gratuitously or by an interference in the affairs of the other party." *Se. Shelter Corp. v. BTU, Inc.*, 572 S.E.2d 200, 206 (N.C. Ct. App. 2002). "If there is a contract between the parties, the contract governs the claim and the law will not imply a contract." *Id.* The complaint failed to establish that Fitzgerald Fruit Farms enriched Harris specifically, as opposed to the corporate Defendants, and accordingly failed to state a claim upon which relief can be granted.

5

Sixth, "North Carolina courts have repeatedly held that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under the [Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1]." *PCS Phosphate Co. v. Norfolk S. Corp.*, 559 F.3d 212, 224 (4th Cir. 2009) (brackets and internal quotation marks omitted); *see Wells Fargo Bank, N.A. v. Corneal*, 767 S.E.2d 374, 377 (N.C. Ct. App. 2014) ("A UDTPA action is distinct from a breach of contract action; a plaintiff must allege and prove egregious or aggravating circumstances to prevail on a UDTPA claim."). The district court properly found that Fitzgerald Fruit Farms failed to plausibly allege that Harris was a party to the contract, much less allege any substantial aggravating circumstances to transform its breach of contract claim into an unfair and deceptive trade practices claim.

Finally, piercing the corporate veil is not an independent cause of action. *See Green v. Freeman*, 749 S.E.2d 262, 271 (N.C. 2013) ("[S]ufficient evidence of domination and control establishes only the first element for liability. There must also be an underlying legal claim to which liability may attach."). Moreover, Fitzgerald Fruit Farms failed to provide any facts establishing that Harris was indistinguishable from the corporate Defendants. Thus, this claim was properly dismissed.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6